**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03113-DME-BNB

CAROL STERLING,

      Plaintiff,

v.

AMERICAN CREDIT & COLLECTIONS, LLC,

      Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND
AWARDING COSTS, REASONABLE ATTORNEY'S FEES, AND INTEREST**

---

Pending before the Court are Plaintiff Carol Sterling's motions for Default Judgment (Docs. 8 and 11), filed March 12, 2012, and March 26, 2012. The Clerk entered default against Defendant American Credit & Collections, LLC on March 13, 2012 (Doc. 10).[1] Defendant has filed no response to the motion for default judgment. The Court held a hearing on the motions pursuant to Fed. R. Civ. P. 55(b)(2)(B) and (C) on July 31, 2012. The Court has considered the motions, the arguments, and the file, and is fully advised in the premises.

For the reasons that follow, the Court GRANTS Plaintiff's motion for default judgment, and AWARDS statutory damages in the amount of $250.00.

## I.     DEFAULT JUDGMENT

The factual background, jurisdictional analysis, and general analysis of the standard for default judgment are contained in the Court's order of June 14, 2012 (Doc. 12) ("June Order") and are not repeated here.

---

[1] Plaintiff's complaint originally named USCB Corporation as a defendant. Plaintiff voluntarily dismissed USCB as a defendant on January 19, 2012 (Doc. 7) and the Court ordered USCB dismissed in its order of June 14, 2012 (Doc. 12).

**A.     Establishing the truth of the factual allegations by evidence**

A party against whom a default has been entered is deemed to have admitted the well-pleaded facts alleged in the complaint.  See Olcott v. Del. Flood Co., 327 F.3d 1115, 1125 (10th Cir. 2003).  But the district court is not obligated to accept all allegations as true, and has discretion to conduct a hearing to "establish the truth of any allegation by evidence."  Fed. R. Civ. P. 55(b)(2)(C).

The gravamen of Plaintiff's complaint is that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), by seeking to collect a debt from her via letter in July 2011, despite the fact that the debt had previously been settled in September 2009. Specifically, Plaintiff contends that Defendant violated 15 U.S.C. § 1692e(2)(A), which prohibits the false representation by a debt collector of the character, amount, or legal status of any debt; and 15 U.S.C. § 1692e(10), which prohibits the use by a debt collector of any false representation or deceptive practice in the collection of a debt.  Previously, the Court accepted as true the following allegations of Plaintiff:

1.  Sterling is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, to a creditor other than Defendant American Credit. (Doc. 1 ¶ 9.)

2.  That obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. (Id. ¶ 10.)

3.  Sterling incurred the obligation, or alleged obligation. (Id.)

4.  American Credit uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts, and/or regularly

2

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another. (Id. ¶ 11.)

5.  Defendant American Credit sent Sterling a written communication dated July 17, 2011, in which American Credit stated that Sterling's debt with another was "extremely delinquent and immediate payment is now due." (Id. ¶ 13.)

See June Order at 3.  These facts establish that Plaintiff is a "consumer"; Defendant is a "debt collector"; and Plaintiff owed a "debt," within the meaning of the FDCPA.  See 15 U.S.C. § 1692a(3), (5), (6).

However, the Court declined, in its June Order, to take as true Plaintiff's allegation that the debt sought to be collected in July 2011 was in fact settled in September 2009.  See id.  One purpose of the July 31, 2012, hearing, therefore, was to give Plaintiff an opportunity to "establish the truth of [this] allegation by evidence."  Fed. R. Civ. P. 55(b)(2)(C).  Plaintiff testified at the hearing and introduced four exhibits into evidence.  Despite the Court's June Order, Defendant did not appear at the hearing.

The Court concludes that Plaintiff has now presented sufficient evidence to establish that the debt sought to be collected in July 2011 was the same as the debt that was settled in September 2009.  Plaintiff's exhibits 1 and 2—two letters to Plaintiff from USCB Corporation, a debt collector and formerly a defendant in this action—showed that she owed a debt of $216, with account/reference number 19713505, to the creditor Penn Foster School.  Plaintiff's exhibit 3, and Plaintiff's credible testimony regarding that exhibit, showed that Plaintiff had filed suit under the FDCPA against Defendant and USCB Corporation in the District of Colorado in 2009 on the grounds that this single debt appeared twice on her credit report.  Plaintiff and both defendants in that suit entered into a settlement agreement in September 2009, under the terms of

3

which the defendants agreed to cause the aforementioned $216 debt to Penn Foster to be

released, and to ensure that the release of the debt was accurately reflected in Plaintiff's credit

report.  Plaintiff's exhibit 4, and Plaintiff's credible testimony regarding that exhibit, showed that

Defendant sent Plaintiff a letter in July 2011 that sought to collect a debt from Plaintiff in the

amount of $216, with the reference number 19713505.

In the aggregate, Defendant has admitted by its default, and Plaintiff has established, that

Defendant, a debt collector, by use of the mails, falsely represented that Plaintiff, a consumer,

owed a debt that had already been settled.  Defendant thus falsely represented the amount and

legal status of Plaintiff's debt, in violation of 15 U.S.C. § 1692e(2)(A), and, alternatively, used a

false representation to attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).  See

Eichman v. Mann Bracken, LLC, 689 F. Supp. 2d 1094 (W.D. Wis. 2010) (denying defendant's

motion to dismiss FDCPA claim where plaintiff alleged that debt had been canceled, because, if

true, then defendants would have misrepresented the facts as to the amount of the debt).  Where a

plaintiff alleges that a debt collector seeks to collect a debt that is not owed by the plaintiff, or is

unenforceable, the plaintiff has stated a claim under the FDCPA.  See Ross v. RJM Acquisitions

Funding LLC, 480 F.3d 493, 495 (7th Cir. 2007) (holding § 1692e(2)(A) prohibits the collection

of debts discharged in bankruptcy); Rios v. Bakalar & Assocs., P.A., 795 F. Supp. 2d 1368, 1369

(S.D. Fla. 2011) (holding an attempt to collect debt discharged in bankruptcy may violate

§ 1692e(2)); Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 831-34 (D.N.J. 2011)

(holding that where plaintiff alleged that law firm debt collector was prohibited by state law from

operating a debt collection business, but nevertheless attempted to collect a debt, plaintiff stated

a claim under FDCPA); Dutton v. Wolhar, 809 F. Supp. 1130, 1137 (D. Del. 1992) (holding debt

collector falsely represented the legal status of plaintiff's debt because debt had actually been

incurred by plaintiff's deceased mother).

In sum, Defendant American Credit falsely represented the legal status of Sterling's debt

as delinquent, when in fact it was settled.  Even an unintentional false representation of the legal

status of a debt violates § 1692e(2)(A).  See Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991

(7th Cir. 2003).

Accordingly, the Court finds that the "unchallenged facts constitute a legitimate cause of

action," Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010), and Plaintiff is entitled to default

judgment.  Plaintiff's motions for default judgment (Docs. 8 and 10) are GRANTED.

### B.    Statutory damages

Plaintiff seeks statutory damages of $1,000, as well as an award of attorney's fees, costs,

and pre- and post-judgment interest.[2]  The FDCPA permits an individual plaintiff to recover up

to $1,000 in statutory damages.  See 15 U.S.C. § 1692k(a)(2)(A).  In determining the exact

amount of such damages to be awarded, the Court must consider, "among other relevant

factors[,] . . . the frequency and persistence of noncompliance by the debt collector, the nature of

such noncompliance, and the extent to which such noncompliance was intentional."  Id.

§ 1692k(b).  At the July 31 hearing, the Court heard Plaintiff's argument as to the appropriate

amount of statutory damages.

Plaintiff concedes that the violation here consists of a single letter.  But Plaintiff argues

that other factors, in particular Defendant's failure to answer the complaint, and the fact that the

letter violated not one but two separate subsections of 15 U.S.C. § 1692e, warrant an award of

the maximum statutory damages of $1,000.  Plaintiff cites a recent magistrate judge's report and

---

[2] Although Plaintiff originally also sought actual damages, she has now abandoned that request.

recommendation in another FDCPA default judgment case, in which the magistrate judge

recommended (and the district court eventually awarded) statutory damages of $1,000 based on

the "nature and willfulness of Defendant's noncompliance with the FDCPA." Kuberski v. Cred

X Debt Recovery, LLC, No. 11-cv-03247-RPM-KLM, 2012 WL 2943726 at *12 (D. Colo. July

2, 2012). In support of that recommendation, the magistrate judge cited the facts that the

defendant's conduct violated three separate provisions of the FDCPA and that the defendant had

failed to respond to the complaint. See id.; see also Perkons v. Am. Acceptance, LLC, 2010 WL

4922916, at *4 (D. Ariz. Nov. 29, 2010) (awarding maximum statutory damages where

defendant "committed multiple violations of the FDCPA").

Plaintiff also seeks to distinguish contrary authority, namely Silva v. Jason Head, PLC,

No. 09-cv-05768-LHK, 2010 WL 4593704 (N.D. Cal. Nov. 4, 2010), and Jackson v. Diversified

Collection Services, Inc., No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13,

2010). In Silva, another FDCPA default judgment case based on a single communication, the

plaintiff asked for the maximum $1,000 statutory damages, but district court awarded only $500.

The Silva court observed the statutory command to consider, among other things, the frequency

and persistence of the defendant's conduct, and determined that a "single occurrence [was], by

definition, infrequent. Therefore, . . . it would be inappropriate to award the statutory

maximum." 2010 WL 4593704, at *5. In Jackson, an FDCPA case tried to a jury here in the

District of Colorado, the jury found for the plaintiff on two of its three FDCPA claims, which

were based on the defendant's repeated telephone calls to the plaintiff at his place of work. But

the district court awarded only $10 in statutory damages, finding that (1) the defendant had made

efforts to comply with the FDCPA; (2) the defendant's conduct had not been abusive; and (3)

6

there was evidence to suggest that the plaintiff had in fact initiated some of the contact about which he later complained.

At least one court has declined to award statutory damages at all, even where a violation of the FDCPA has been established, observing that "Congress provided ample discretion to courts . . . in assessing damages for violations of [the FDCPA]." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27-28 (2d. Cir. 1989) (holding no statutory damages were warranted where defendant did not intend to deceive or harass plaintiff, and there was no evidence that defendant's behavior was frequent or persistent); see also Emanuel v. Am. Credit Exchange, 870 F.2d 805, 808-09 (2d. Cir. 1989). On the other hand, where a defendant's conduct is repetitive, purposeful, and offensive, courts have not hesitated to award the full $1,000. See, e.g., Harding v. Check Processing, LLC, No. 5:10CV2359, 2011 WL 1097642, at *3 (N.D. Ohio Mar. 22, 2011) (in a default judgment case, awarding maximum statutory damages where plaintiff alleged that defendant falsely asserted that plaintiff had committed a felony, that there was a felony warrant out for plaintiff's arrest, and that plaintiff would be jailed if she did not pay).

The Court concludes that maximum statutory damages under 15 U.S.C. § 1692k(a)(2)(A) should be reserved for egregious violations of the FDCPA akin to those found in Harding, and that this case falls short of that standard. The Court acknowledges that Defendant's failure to respond, and the lack of evidence of any apology or acknowledgement of error by Defendant suggests a willfulness, or at least an indifference, with respect to violating the FDCPA. The letter Plaintiff received falsely asserted that Plaintiff's account was "extremely delinquent." Plaintiff testified to the distress and anxiety that the letter caused her. On the other hand, the letter was not hostile in tone, and it did not threaten legal action or raise the specter of criminal prosecution or incarceration. Nor was it, as an isolated incident, part of a pattern of frequent or

7

persistent conduct.  Further, as a mode of communication, the Court finds that a letter is less inherently offensive than a late-night telephone call, or a call made to a plaintiff's workplace or to a plaintiff's employer.

For all these reasons, the Court determines that this FDCPA violation, while more than de minimis or technical, falls on the lower end of the spectrum of egregiousness, and accordingly awards Plaintiff statutory damages in the amount of $250.00.

### C.       Fees, Costs, and Interest

Plaintiff also seeks attorney's fees, costs, and pre- and post-judgment interest.  Plaintiff is entitled to her costs and a reasonable attorney's fee.  See 15 U.S.C. § 1692k(a)(3); Fed. R. Civ. P. 54(d)(1).  Plaintiff is also entitled to interest on the $250 damages judgment from the date of entry of judgment.  See 28 U.S.C. § 1961(a).

The FDCPA is silent on pre-judgment interest, however, and an award of prejudgment interest generally "is within the district court's discretion."  Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1073 (10th Cir. 2008).  "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."  West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987). "In order to determine whether prejudgment interest is appropriate, this court first explores whether the federal law in question expressly allows or expressly forbids prejudgment interest." Morrison Knudsen Corp., 532 F.3d at 1073.  Absent a specific prohibition of prejudgment interest, the court must "test whether such interest should be included by appraising the congressional purpose in imposing the obligation in light of general principles [the court deems] relevant."  Id.

8

The FDCPA is principally a consumer protection statute aimed at curbing abusive debt collection practices.  See 15 U.S.C. § 1692(a), (b), (e).  In light of the statute's consumer protection purpose, and to effect the "full compensation" of Plaintiff for the legal injury caused by Defendant's July 17, 2011 letter, the Court concludes that an award of pre-judgment interest, from the date Plaintiff's claim accrued, is proper.  The Court further concludes that Plaintiff's claim accrued on July 17, 2011, the date of Defendant's letter, and not on the date that Plaintiff received the letter.  See Maloy v. Philips, 64 F.3d 607, 608 (11th Cir. 1995); Mattson v. U.S. West Commc'ns, Inc., 967 F.2d 259, 261 (8th Cir. 1992) ("The date on which [the defendant] mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered [liability under] section 1692k(d).").

## II.    CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS:

1.    That Plaintiff's Motions for Default Judgment (Docs. 8 and 11), filed March 12, 2012, and March 26, 2012, are GRANTED;

2.    That under Fed. R. Civ. P. 55(b), default JUDGMENT SHALL ENTER in favor of Plaintiff, Carol Sterling, against Defendant, American Credit & Collection LLC, on the claims for relief asserted in the plaintiff's complaint (Doc. 1), filed November 29, 2011, on the terms stated below;

3.    That under 15 U.S.C. § 1692k, Plaintiff is AWARDED statutory damages in the amount of two hundred and fifty dollars ($250.00);

4.    That under 28 U.S.C. § 1961(a) and (b), Plaintiff is AWARDED interest on the money judgment from the date of entry of judgment.

5.    That Plaintiff is AWARDED prejudgment interest from July 17, 2011, up to and including the day before entry of judgment, at the same rate and on the same terms as the award of postjudgment interest;

6.    That pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff MAY FILE, no later than 14 days after the entry of judgment, a motion seeking and circumstantiating in the

manner required by Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3 an award of reasonable attorney fees;

7.      That any response and reply SHALL BE FILED in the time and manner prescribed by D.C.COLO.LCivR 7.1C.; and

8.      That Plaintiff is AWARDED her costs, to be taxed by the Clerk of the Court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 16th day of August, 2012.

BY THE COURT:

s/ David M. Ebel

_____
David M. Ebel
UNITED STATES CIRCUIT JUDGE